UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

M.B., *et al.*,

Plaintiffs,

v.

JONATHAN G. WEEKS, *et al.*,

Defendants.

Case No. C26-3696-RSM

ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiffs' Motion for Protective Order, Dkt. #3. Pursuant to Federal Rule of Civil Procedure 5.2(e) and Local Rule 5.2, Plaintiffs request that they be identified by their initials rather than full names. *Id*. at 1. Plaintiffs are seeking asylum in the United States due to persecution in their home country. *Id*. Plaintiffs do not seek to withhold their identities from Defendants. *Id*. at 4. Defendants have not filed a Response or other opposition. See *id*. at 2.[1]

Though the usual presumption is that parties will use their real names in a case, the Ninth Circuit allows a party to use a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981). These "unusual

[1] Plaintiffs acknowledge that Defendants have not appeared at this early stage, thus "Plaintiffs are serving this motion on all Defendants via certified mail, return receipt, together with the summonses and complaint."

cases" involve "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in the knowing the party's identity." *Id.* at 1068.

Generally, the Ninth Circuit has allowed a party to proceed anonymously in three types of cases: "'1) when identification creates a risk of retaliatory physical or mental harm[;]' (2) where it is necessary 'to preserve privacy in a matter of sensitive and highly personal nature[;]' and 3) where the party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Doe v. United States Citizenship and Immigration Cervices, et al., Defendants*, 2021 WL 1907562, at *2 (E.D. Cal. May 12, 2021) (quoting *Advance Textile Corp.* at 1068). While there are several factors for district courts to consider, the Ninth Circuit recently held that these factors must be applied when the opposing party has objected to a party proceeding anonymously. *See Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010); *see also Doe v. United States Citizenship and Immigration Cervices* at *2. "'[W]here the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings [Rule 16(b)], and to issue protective orders limiting disclosure of the party's name [Rule 26(c)], to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.'" *Doe v. United States Citizenship and Immigration Cervices* at *2 (quoting *Advanced Textile Corp*. at 1069).

Plaintiffs have requested to proceed under their initials to protect themselves from further persecution or backlash from the government or others. *See gen*. Dkt. #3. "Courts have granted motions to file pseudonymously as related to asylum proceedings." *Doe v. United States Citizenship and Immigration Services* at *4 (citing to *Al Otro Lado, Inc. v. Nielson*, 2017 WL 6541446, at *8 (S.D. Cal. Dec. 20, 2017) and *Doe v. Risch*, 398 F. Supp. 3d 647 n.1 (N.D. Cal.

2019)). Plaintiffs also agree to reveal their identities to Defendants, thus the Court finds little, if any, prejudice to Defendants. Given all of the above, the Court finds that Plaintiffs' need for anonymity outweighs Defendants' potential prejudice or other considerations.

Accordingly, having reviewed the instant Motion and remainder of the record, the Court finds and ORDERS that Plaintiff's Motion for Protective Order, Dkt. #3, is GRANTED. Plaintiffs shall be identified by their initials throughout this litigation, and their true names shall not be revealed in any publicly available documents. The regulation at 8 C.F.R. § 208.6(b) shall remain in effect with regard to Plaintiffs' identities as asylees.

DATED this 3rd day of November, 2026.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE